UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKIE BROWN,

        Petitioner,

                                    CASE NO. 1:17-CV-336

v.

                                    HON. ROBERT J. JONKER

DEWAYNE BURTON,

        Respondent.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 15) and Petitioner's Objections (ECF No. 16). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends denying Petitioner's habeas corpus petition, factually sound and legally correct.

Petitioner objects first to the Magistrate Judge's finding that "[t]he state appellate court's determination [that no prejudice resulted] from the introduction of Petitioner's incriminating statements through Mr. Walters's testimony and the recording is neither contrary to, nor an unreasonable application of, clearly established federal law." (ECF No. 15, PageID.1194.) Petitioner argues that because the jury requested to rehear the taped confession during deliberations, the confession substantially influenced the jury's verdict. The record undercuts Petitioner's argument and supports the factual determinations on which the state appellate court relied in reaching its conclusion. In her closing argument, the prosecutor focused on the defendant's language but did not emphasize confession. (ECF No. 9-7, PageID.803.) The prosecutor tied defendant's words to the credibility of the jailhouse informant, Mr. Walters. (*Id.*) The prosecutor emphasized that the audio recording was offered only to corroborate what Mr. Walters said. (*Id.*, PageId.817.) The defendant also focused on Mr. Walters's credibility. (*Id.*, PageID.809-810.) The defendant himself indicated that it was difficult to hear or understand his words on the recording. (*Id.*, PageID.810-811.) The jury's request to hear the recording again sought to "clarify the voices better," which suggests the jury had difficulty hearing or understanding what was on the tape. (*Id.*, PageID.837.) All of this, in addition to the other record evidence discussed in the Report and Recommendation, supports the state court's finding of no prejudice from the recording. The objection fails.

Petitioner also objects to the Magistrate Judge's characterization and analysis of his claim regarding the production of witnesses Tony Holmes and Tony Powell. This objection lacks merit. The Magistrate Judge properly analyzed and rejected Petitioner's claims regarding the production

of witnesses. Nothing in Petitioner's objections changes the fundamental analysis. The claim fails, for the very reasons the Magistrate Judge delineated.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of Petitioner's claims debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 15) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

3. Petitioner's request for a certificate of appealability is **DENIED**.

Dated:   September 5, 2018            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE